UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants*. | **COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>Case No. 23-cv-06286 |

## INTRODUCTION

1. This action under the Freedom of Information Act ("FOIA") seeks the timely release of agency records concerning how Defendants United States Immigration and Customs Enforcement ("ICE") and United States Department of Homeland Security ("DHS") will spend a $10 million appropriation intended to improve access to counsel and legal materials in ICE detention facilities as part of the Consolidated Appropriations Act of 2023.

2. The Consolidated Appropriations Act of 2023, Pub. L. No. 117-328, 136 Stat. 4459 (Dec. 29, 2022), allocated $10 million to DHS "to improve law libraries, update legal materials, provide online legal access, expand video attorney visitation, and facilitate the secure exchange of legal documents between noncitizens and their counsel."[1] With these funds, Congress also directed

---

[1] Explanatory Statement Regarding H.R. 2617, Consolidated Appropriations Act, 2023, Division F—Department of Homeland Security Appropriations Act, 2023, 168 Cong. Rec. S8562 (daily ed. Dec. 20, 2022) (statement submitted by Sen. Leahy), https://www.congress.gov/117/crec/2022/12/20/168/198/CREC-2022-12-20-pt2-PgS8553-2.pdf.

ICE to "brief the [Senate and House Appropriations Subcommittees on Homeland Security] on an expenditure plan for increased legal access within 60 days of the date of the enactment of this Act."[2] Because the Appropriations Act was enacted on December 29, 2022, the report was due to Congress on February 27, 2023.

3. Plaintiff, a non-profit, non-partisan civil liberties advocacy organization, submitted a FOIA request (the "Request") to the Defendants on May 2, 2023, seeking the release of the report that Defendants were required to provide to Congress. To date, neither Defendant has released any responsive records, notwithstanding the FOIA's requirement that agencies respond to requests within 20 working days.

4. Plaintiff now asks the Court for an injunction requiring Defendants to conduct a thorough search for all responsive records and to immediately process and release any responsive records. Plaintiff also seeks an order enjoining Defendants from withholding non-exempt, responsive records.

## JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–06.

6. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

7. Plaintiff American Civil Liberties Union Foundation ("ACLU") is a nationwide, non-profit, nonpartisan 26 U.S.C. § 501(c)(3) organization, incorporated in the District of Columbia and with its principal place of business in New York City. The ACLU's mission is to

---

[2] *Id.*

maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

8. DHS is an agency of the U.S. government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702. DHS has possession, custody, and control of the records that the ACLU seeks, including through its component office ICE.

9. ICE is an agency of the U.S. government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702. ICE has possession, custody, and control of the records that the ACLU seeks.

## FACTUAL BACKGROUND

10. On May 2, 2023, the ACLU submitted the Request to Defendants, seeking "any briefing and/or reports by DHS and/or ICE to the Senate and/or House Appropriations Subcommittees on Homeland Security regarding appropriations made as part of the Consolidated Appropriations Act of 2023 'to improve law libraries, update legal materials, provide online legal access, expand video attorney visitation, and facilitate the secure exchange of legal documents between noncitizens and their counsel.'" Ex. A (quoting Explanatory Statement Regarding H.R. 2617, Consolidated Appropriations Act, 2023, 168 Cong. Rec. S8562 (daily ed. Dec. 20, 2022) and citing Letter from Twenty-Eight Members of Congress to Alejandro Mayorkas, DHS Secretary

(Nov. 3, 2022), https://grijalva.house.gov/wp-content/uploads/2022/11/Access-to-Counsel-for-ICE-detainees-FINAL.pdf).

11. Plaintiff sought a waiver of search, review, and reproduction fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

12. Plaintiff also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. *Id*. § 552(a)(4)(A)(ii).

## Defendants' Responses to the Request

### United States Department of Homeland Security

13. On May 9, 2023, the DHS FOIA Office responded to the Request by acknowledging receipt of the Request on May 2, 2023, and assigned the Request case number 2023-HQFO-01538. Ex. B. DHS also requested that the ACLU provide a specific timeframe for the records sought, as well as suggested custodians and keywords to help locate responsive records.

14. On May 10, 2023, the ACLU provided a narrowed timeframe, from December 20, 2022 to the date of the agency's final response; a list of 20 suggested keywords; and four suggested custodians. Ex. C.

15. On May 12, 2023, the DHS FOIA Office responded, stating that "we have received the response below and will task out to the appropriate office for the records you seek." The DHS FOIA Office has not responded to the ACLU's request for a fee waiver. Ex. D.

16. DHS has produced no records or any other response. To date, DHS has neither released responsive records nor explained its basis for withholding them. Plaintiff has exhausted

all administrative remedies because DHS has failed to comply with the time limit of 20 working days to respond to the Request under the FOIA.

<u>United States Immigration and Customs Enforcement</u>

17. By email dated May 12, 2023, ICE acknowledged receipt of the Request on May 2, 2023, and assigned it tracking number 2023-ICFO-25677. Ex. E. This email also invoked a 10-day extension of time to respond to the Request and indicated that the ICE FOIA office would charge the ACLU for records as a commercial requestor. *Id.*[3]

18. On May 25, 2023, the ACLU responded, requesting review of its fee waiver request. Ex. G.

19. On May 26, 2023, the ICE FOIA Office confirmed that it would grant the ACLU's request for a fee waiver. Ex. H.

20. ICE has produced no records or any other response. To date, ICE has neither released responsive records nor explained its basis for withholding them.

21. Plaintiff has exhausted all administrative remedies because ICE has failed to comply with the extended time limit of 30 working days to respond to the Request under the FOIA.

**Statutory Requirements**

22. Under FOIA, Defendants had 20 working days to respond to the Request. 5 U.S.C. § 552(a)(6)(A)(i).

23. If there are "unusual circumstances," an agency may extend the time limit by no more than 10 working days. *Id.* § 552(a)(6)(B)(i). To invoke that extension, the agency must

---

[3] ICE also acknowledged receipt of the Request in a separate and virtually identical email dated May 9, 2023, assigning the Request tracking number 2023-ICFO-25221. Ex. F.

5

provide "written notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.*

24. An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

25. More than 20 working days have passed since Plaintiff filed the Request and DHS has not provided the written notice required for an extension. Thus, the statutory time period has elapsed as to DHS.

26. Additionally, more than 30 working days have passed since Plaintiff filed the Request. Thus, the statutory time period has elapsed as to ICE. Additionally, if DHS contends that it invoked the extension, the statutory time period has also elapsed as to DHS.

## CLAIMS FOR RELIEF

27. The failure of Defendants to make a reasonable effort to search for records responsive to the Request violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

28. Defendants' withholding of non-exempt agency records subject to the Request violates the FOIA, 5 U.S.C. § 552, and Defendants' corresponding regulations.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

29. Order Defendants to conduct a thorough search for all responsive records;

30. Order Defendants to immediately process and release any responsive records;

31. Enjoin Defendants from withholding non-exempt, responsive records;

32. Award Plaintiff their costs and reasonable attorneys' fees incurred in this action; and

33. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 20th day of July 2023,

/s/ Amy Belsher
Amy Belsher
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 10004
Phone: (212) 607-3300
abelsher@nyclu.org

Eunice Cho*
American Civil Liberties Union Foundation
National Prison Project
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Phone: (202) 548-6616
echo@aclu.org

Emma Winger*
Raul Pinto
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
Phone: (202) 507-7512
Ewinger@immcouncil.org
Rpinto@immcouncil.org

*Counsel for Plaintiff*

\**pro hac vice* application forthcoming